Casey PARKS; Daniel Ramirez; Jeffrey Paulson; Anthony Canchola; Frank Martinez; Ceasar Ramirez; Agustin Jasso; David Schnoor; April Holloman; Jimmy Alam, Charles W. Reinders; Edwin J. Storlie; Elizabeth Drennon; Audrey M. Gill; Hugo Gonzalez; Urart Mkrtchyan; Lisa Acevedo Mona Lisa Adams; Clifford Bakelman; Ricardo Barragan; Michael Caitham; Jose Canals; Thomas Coursey; Anthony Danes; Stephanie Gemigniani; Augustine Gideon; Jose Luis Godinez; Victor Guzman; Steve Herrera; Bernard Hronek; Keith Kemp, Jr.; Jean Michael Le'andre; Patricia McGrath; Nestor Mendez; Richard Murray; Jeri Nieto; Ghulam Omar; Toni Perez; Fran Pettaway; Armando Pliego; Francine Price; Rachelle Querubin; Shefik Rattay; Ardette Reeder; Michael Robertson; Gilbert Shepherd; Rodger Shimatsu; Sabrina Staton; Casandra Stevens; Maxine Whitfield; Sandy Williams; Hassan Wilson; Dominic Winter; Marc Zavala; Kimberly S. Diaz; Sharon Legge; Daniel Potts; Robert Giambalvo; Michael Ould; Saeed Khan; Cliff O'Daniel; Shawn Phan; Robert Escobedo; Danita Ashley; Dexter McLean; Kelly Kanamoto; Robert L. Toney, Jr.; James E. Ebbert; Charles A. Jimenez; Joseph A. Humphrey; Julee Medina Matthew L. Gurley; Kevin Aragon; Theresa Turner; Alfonso Lira; Christopher Baca; Nargis Enayat; Michelle K. Harris; Joe R. Delgado, Jr.; Inez Allison; Elva Gonzalez; Scott Murray; Eric Atkins; Ismael Navarro; Alfred M. Hetherington; Quddusa Anderson; George Okpoko; Art M. Valenzuela; Natalie Downs; Jack S. Hall; Eleanor Reed; Ali R. Hussain; Mary B. Weber; Robert Wong; Robert Youngblood; Richard Rosales, Jr.; Maud Ul Haq; Jay Briscoe; Ivan Pesic; Angelique Martinez; Thomas Ellis; Scott T. Miyadi; Marcus E. Land; Joseph Thomas Traci Champine; Zhirayr Avetisyan; Merle Denita Bellard; Kathy Degolyer; Araik Alex Muradyan; Hattie M. White; Dreana Taylor; Rose R. Wagoner; Vikram Singh; Trona R. Collins; Charles H. Shaffner; Carolyn Danyl; Richard E. Heston; Kenneth P. May; Said Beshir; Nicole Gaines; Therese Y. Lewis Solomon W. Price; Teodoro G. Pangilinan; Tracy Leigh Pacheco; Glenn H. Rodgers; William D. Tarbell; Milton Fisher Julie A. Slack; Tony Safari; Linda Gaitan; Terrance L. White; Michael R. Jackson; Erwin R. DeLeon; Stephen W. Bennett, on behalf of themselves and all other similarly situated; Diana Chester; Charles Weakle; Gloria Dianne Washington; Ping Lu; Lydia Estrada; Felicia Vaugh; Paul W. Sloan; Jacques Delira; Shiela Fulcher; Paul M. Reed; Diacovonne Flowers; Blake Holland; Frank Edwards; Tamika Bufford; Cynthia Bank; Billie Jo Blake; Shad Fuller; Robert J. Ryan; Mousa Khoubian; Alan Punsalan; Thomas Doino; David J. Park; Everest C. Osuji; Daniel Jarrett; Adrian E. Gilman; William T. Decker; Earl Frank Smith, Jr., as inside salespeople/solicitors for Eastwood Insurance Services, Inc., Plaintiffs–Appellees,

v.

**EASTWOOD INSURANCE SERVICES, INC., a California corporation, Defendant–Appellant.**

No. 05–56119.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 11, 2007.

Filed May 9, 2007.

Aashish Y. Desai, Mower Carreon & Desai, Irvine, CA, David Borgen, Teresa Demchak, Nina Rabin, Esq., Goldstein, Demchak, Baller, Borgen & Dardarian, Oakland, CA, for Plaintiffs–Appellees.

Catherine L. Rivard, Esq., Michelman & Robinson, LLP, Encino, CA, Mona Z. Hanna, Michelman & Robinson LLP, Santa Ana, CA, for Defendant–Appellant.

Before: B. FLETCHER and McKEOWN, Circuit Judges, and WHYTE *, District Judge.

## MEMORANDUM **

Eastwood Insurance Services, Inc. ("Eastwood") appeals the district court's award of attorneys' fees under California Code of Civil Procedure § 1021.5 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). In the underlying action, 157 former employees of Eastwood (collectively "Parks") obtained a settlement recovering several years of uncompensated overtime.

Eastwood raises three principal contentions on appeal: (1) that Parks did not meet the statutory requirements for attorneys' fees under California Code of Civil Procedure § 1021.5, (2) that Parks was not entitled to fees under the FLSA, and (3) that the district court committed a number of errors in calculating the multiplier it applied to the lodestar figure submitted by Parks.[1]

Under California Code of Civil Procedure § 1021.5, a court may award attorneys' fees to a successful party in any action which has resulted in the enforcement of an important right affecting the public interest, subject to several statutory requirements. Eastwood contends for the first time on appeal that Parks failed to meet the second requirement under the statute—that the necessity and financial burden of private enforcement, or of enforcement by one public entity against another public entity, are such as to make the award appropriate. Because this argument was not presented to the district court, it is waived. *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir.1992). Eastwood's unrelated objections to fees under § 1021.5 did not preserve this issue for appeal because the

---

* The Honorable Ronald M. Whyte, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We review de novo whether a statute provides for attorneys' fees. *Clausen v. M/V New Carissa*, 339 F.3d 1049, 1061–62 (9th Cir. 2003). The district court's fee award is reviewed for an abuse of discretion. *Mattel, Inc., v. Walking Mountain Prods.*, 353 F.3d 792, 814 (9th Cir.2003).

issue was not "raised sufficiently for the trial court to rule on it." *Id.* Accordingly, we affirm the district court's ruling that Parks was entitled to fees under § 1021.5.[2] In light of this ruling, we need not consider Eastwood's alternate argument that Parks was not entitled to fees under the FLSA.

 We also affirm the district court's 40% enhancement of the lodestar fee, subject to the two exceptions discussed below. Because the district court properly awarded fees under the California statute, the district court did not err in enhancing the lodestar for novelty and complexity, results obtained, and contingency risk. These factors are permissible considerations under California law. *Graham v. DaimlerChrysler Corp.*, 34 Cal.4th 553, 582, 21 Cal.Rptr.3d 331, 101 P.3d 140 (Cal. 2004) (holding the trial court may consider results obtained in awarding a fee multiplier); *Ketchum v. Moses*, 24 Cal.4th 1122, 1132, 104 Cal.Rptr.2d 377, 17 P.3d 735 (2001) (same with respect to both contingency risk and novelty and complexity).

 Eastwood raises several objections to the district court's finding that Parks's attorneys were precluded from seeking other employment. Preclusion from seeking other employment is a proper basis for an enhancement under state law. *See Ketchum*, 24 Cal.4th at 1132, 104 Cal.Rptr.2d 377, 17 P.3d 735. The district court did not clearly err when it found that attorney Aashish Desai was precluded from taking other employment—Desai's declaration discusses specific instances in which he turned down cases. We agree with Eastwood that the district court erred in applying this factor to attorney Don Sessions's fees because Parks offered no

evidence that Sessions had been precluded from taking other employment during his involvement in the litigation. *See id.* at 1138, 104 Cal.Rptr.2d 377, 17 P.3d 735 (holding that "the party seeking a fee enhancement bears the burden of proof"). Accordingly, we remand for reconsideration as to Sessions but only in respect to the issue of the multiplier based on preclusion of other employment.

 Eastwood next contends that the district court erred when it enhanced the multiplier because Parks's counsel suffered a delay in payment. Eastwood has pointed to no California case that supports its claim that a court may not adjust a lodestar fee by applying a multiplier for delay in payment. Indeed, *Graham v. Daimler-Chrysler* and *Ketchum v. Moses* suggest that such a practice does not constitute an abuse of discretion. *See Graham*, 34 Cal.4th at 579, 21 Cal.Rptr.3d 331, 101 P.3d 140 (reversing a district court's use of a multiplier with respect to fees-on-fees litigation but noting without comment that the trial court had "based the enhancement on 'the contingency nature [of the litigation], the delay in payment and the quality of the result.' "); *Ketchum*, 24 Cal.4th at 1137, 104 Cal.Rptr.2d 377, 17 P.3d 735 (discussing contingency risk and delay in payment as permissible grounds for using a multiplier).

 Eastwood also challenges the district court's application of the 40% enhancement to work done on the fees petition itself. Eastwood waived this argument when it failed to raise this objection below, so we decline to address it here. *See Whittaker*, 953 F.2d at 515.

---

2. Eastwood raised the argument before the district court that since attorneys' fees are available under the FLSA, the need for a mechanism for awarding fees, which is a pre-

requisite to awarding fees under § 1021.5, is not met. This argument was not raised on appeal.

■ Eastwood finally contends that the district court erred when it applied the lodestar enhancement to both Parks's attorneys' fees and costs. At oral argument, Parks's counsel conceded that applying the multiplier to costs was not appropriate. Accordingly, we remand this portion of the fee award to the district court to reduce the costs by $20,136.86, which represents 40% of Parks's litigation costs of $50,342.16.

**AFFIRMED IN PART, REVERSED IN PART; REMANDED WITH INSTRUCTIONS AS TO ATTORNEY SESSIONS AND COSTS.**

Costs on appeal shall be awarded to appellees.